GRABER, Circuit Judge,
dissenting:
This case returns to us in a peculiar posture: We are asked to decide whether the district court’s factual findings are clearly erroneous, when in my view no remand should have occurred and no such findings should have been made. Reasonable minds can (and do) differ about the appropriate inferences to be drawn from the record, both state and now federal. If we properly were reviewing what the district court found as fact, I would agree that the district court did not clearly err, our deferential standard of review.
But I adhere to the view, previously expressed, that no remand was appropriate in the first place. We owe great deference in the first instance to the state court’s findings of fact. The California Court of Appeal did not make an unreasonable determination of the facts in light of the evidence before it. 28 U.S.C. § 2254(d)(2). That court reasoned that counsel excused the juror in question for the stated reason that she was a social worker or eligibility worker, who might therefore be expected to be pro-defense, and that counsel applied that specific criterion consistently. The state court also found that counsel’s stated reason was subjectively genuine. Neither that reasoning nor that result unreasonably found facts.
Supreme Court precedent since we decided Love I only underscores the error of our ways. In Felkner v. Jackson, — U.S. -, -, 131 S.Ct. 1305, 1307, 179 L.Ed.2d 374 (2011) (per curiam), the Supreme Court forcefully reversed a habeas grant from this court on a Batson issue. In doing so, the Court emphasized that we owe special deference to the state court’s determination on a question of credibility, such as the one that we have here. Id. The majority’s citation of Felkner for its result turns that decision on its head.
I respectfully dissent.